1
2
3
4
5
6          UNITED STATES DISTRICT COURT
7          EASTERN DISTRICT OF WASHINGTON
8

LORI A PERALES,

            Plaintiff,                    NO.  CV-11-3040-RHW

      v.                                  **ORDER GRANTING**
                                          **PLAINTIFF'S MOTION FOR**
MICHAEL J. ASTRUE,                        **SUMMARY JUDGMENT;**
Commissioner of Social Security,          **DENYING DEFENDANT'S**
                                          **MOTION FOR SUMMARY**
            Defendant.                    **JUDGMENT**

      Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 20

and Defendant's Motion for Summary Judgment, ECF No. 29. The motions were

heard without oral argument. Plaintiff is represented by D. James Tree. Defendant

is represented by Assistant United States Attorney Pamela De Rusha and Special

Assistant United States Attorney Jessica Milano.

**I.    Jurisdiction**

      On June 19, 2007, Plaintiff Lori A. Perales filed an application for

Supplemental Social Security Income (SSI) and Social Security Disability

Insurance Benefits (SSDIB). Plaintiff alleges that she has been disabled since

October 7, 2004, due to insulin dependent diabetes mellitus, bilateral lower limb

numbness, degenerative disc disease with chronic low back pain, mild to moderate

bilateral carpal tunnel syndrome, status post right wrist surgery, obesity,

depressive disorder, pain disorder, personality disorder, alcohol dependence, and a

history of drug and alcohol abuse.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY**
**JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY**
**JUDGMENT ~ 1**

1   Her application was denied initially and again denied on reconsideration. A

2   timely request for a hearing was made and Plaintiff appeared in a video hearing

3   before Administrative Law Judge (ALJ) Douglas S. Stults on September 2, 2009,

4   in Yakima, Washington. Plaintiff was represented by Chad Hatfield, an attorney,

5   and she was also assisted by Regina Hill, Plaintiff's advocate. Polly A. Peterson,

6   Ph.D, a vocational expert, also participated.

7   The ALJ issued a decision on November 18, 2009, finding that Plaintiff

8   became disabled on January 15, 2009, but was not disabled from October 7, 2004,

9   until January 15, 2009. The decision granted Plaintiff's SSI claim but denied the

10  claim for SSDIB because the onset of disability, January 15, 2009 was after the

11  last date insured (December 31, 2007, determined by the ALJ). *Id.*

12  Plaintiff timely requested review by the Appeals Council, which was denied

13  February 17, 2011. The Appeals Council denial of review makes the ALJ's

14  decision the final decision of the Commissioner. (42 U.S.C. §405(h)). Plaintiff

15  filed a timely appeal with the U.S. District Court for the Eastern District of

16  Washington on April 6, 2011. The instant matter is before the district court

17  pursuant to 42 U.S.C. § 405(g).

18  **II.    Sequential Evaluation Process**

19  The Social Security Act defines disability as the "inability to engage in any

20  substantial gainful activity by reason of any medically determinable physical or

21  mental impairment which can be expected to result in death or which has lasted or

22  can be expected to last for a continuous period of not less than twelve months."

23  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be

24  under a disability only if his impairments are of such severity that the claimant is

25  not only unable to do his previous work, but cannot, considering claimant's age,

26  education and work experiences, engage in any other substantial gainful work

27  which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

28

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 2**

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities?  20 C.F.R. §§ 404.1520(b), 416.920(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. §§ 404.1574, 416.972; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. §§ 404.1571, 416.920(b). If he is not, the ALJ  proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. §§ 404.1508-09, 416.908-09. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity?  20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.*  If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past?  20 C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant is able to perform his previous work, he is not disabled.  *Id.*  If the claimant cannot perform this work, proceed to the fifth and final step.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 3**

1    Step 5: Is the claimant able to perform other work in the national economy

2    in view of his age, education, and work experience?  20 C.F.R. §§ 404.1520(f),

3    416.920(f).

4    The initial burden of proof rests upon the claimant to establish a prima facie

5    case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098

6    (9th Cir. 1999). This burden is met once a claimant establishes that a physical or

7    mental impairment prevents him from engaging in his previous occupation.  *Id*. At

8    step five, the burden shifts to the Commissioner to show that the claimant can

9    perform other substantial gainful activity.  *Id.*

10   **III.    Standard of Review**

11   The Commissioner's determination will be set aside only when the ALJ's

12   findings are based on legal error or are not supported by substantial evidence in

13   the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)

14   (citing 42 .S.C. § 405(g)). Substantial evidence is "more than a mere scintilla,"

15   *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance."

16   *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial

17   evidence is "such relevant evidence as a reasonable mind might accept as adequate

18   to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the

19   ALJ's denial of benefits if the evidence is susceptible to more than one rational

20   interpretation, one of which supports the decision of the administrative law judge.

21   *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "If the evidence can

22   support either outcome, the court may not substitute its judgment for that of the

23   ALJ." *Matney*, 981 F.2d at 1019.

24   A decision supported by substantial evidence will be set aside if the proper

25   legal standards were not applied in weighing the evidence and making the

26   decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th

27   Cir. 1988). An ALJ is allowed "inconsequential" errors  as long as they are

28   **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 4**

immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

## IV.    Statement of Facts

The facts have been presented in the administrative transcript and the ALJ's decision and will only be summarized here.

At the time of the hearing, Plaintiff was 44 years old. She earned her GED when she was 17. She birthed five children, however, at various times, her children were removed from her care. Plaintiff had a very troublesome childhood. Her father was abusive and an alcoholic, and her husband was also physically and emotionally abusive.[1] When she was 12, she was thrown from a horse and injured her neck and back. She was also in a motor vehicle accident. About this time, she began using marijuana. She progressed to alcohol by the age of 14, and cocaine and methamphetamines by the age of 17. At the time of her hearing, she had been clean and sober for one year.

Her mother and brother passed away in 2003. Following their deaths, Plaintiff experienced significant depression and began using drugs to escape. Her entire family has severely struggled with chemical dependency problems.

Plaintiff is insulin-dependent, and takes four insulin shots a day to regulate her diabetes. She is obese.[2] She suffers from: gynecological problems (vaginal hysterectomy, anterior repair, bladder neck suspension, prior vulvar cancer, Bowen's disease), depression, bilateral carpal tunnel syndrome, iron deficiency anemia, GERD, nonproliferative diabetic retinopathy, mixed hyperlipidemia, diabetes, chronic back pain, pelvic pain, chronic osteoarthritis, posttraumatic

---

[1]Plaintiff married in 1992 and separated in 1994. However, she lived with her husband for six year. On one occasion, her husband physically beat her over a period of 13 hours and then raped her.

[2]She is 5'4" tall and weights close to 200 lbs.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 5**

1  stress disorder, major depressive disorder, polysubstance dependent, and asthma.

2      Plaintiff worked in janitorial maintenance, warehouses, as a bartender, as a

3  car detailer, and as a housekeeper until 2004, when the pain in her back, neck, and

4  wrists from carpal tunnel prevented her from working. She testified that she is able

5  to cook twice a week, do dishes, keep her room clean, sweep, mop, vacuum, dust,

6  make her bed, do laundry, drive a motor vehicle, shop, watch movies, listen to

7  music, camp, fish, attend AA and NA meetings, go to church, count change,

8  balance a checkbook, keep a calender to insure her bills were paid on time, and

9  read books for leisure. Plaintiff has "chaired" NA meetings and mentored others.

10  She reports that after she quit work, she has been less social, less active, more

11  depressed and wants more quiet. She does not go outside often, but likes to attend

12  church once a week if she can. She gets tired easily. She can only walk for ten

13  minutes before needing a rest.

14  **V.    The ALJ's findings**

15      The ALJ found Plaintiff to be disabled as of January 15, 2009, but not from

16  the alleged onset date of October 7, 2004. (Tr. 16.) He found that Plaintiff met the

17  insured status requirements of the Social Security Act only through December 31,

18  2007. (Tr. 15.)

19      At step one: the ALJ found that Plaintiff had not engaged in any substantial

20  gainful activity since the alleged onset of disability, October 7, 2004.[3] (Tr. 18.)

21      At step two, the ALJ found that since the alleged onset date of October 7,

22  2004, Plaintiff had the following severe physical and mental impairments:

23      1.   insulin dependent diabetes mellitus,

24  _____

25  [3]The ALJ noted that Plaintiff was the manager of the "clean and sober" house

26  in which she resides, for which she received $50 a month credit toward her rent.

27  He found that this work did not rise to the level of substantial gainful activity. (Tr.

28  18.)

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 6**

2.  bilateral lower limb numbness,

3.  degenerative disc disease with chronic low back pain,

4.  mild to moderate bilateral carpal tunnel syndrome,

5.  status post right wrist surgery,

6.  obesity,

7.  depressive disorder,

8.  pain disorder,

9.  personality disorder,

10. alcohol dependence,

11. history of drug and alcohol abuse.

(Tr. 18.)

He then found that beginning on January 15, 2009, the date Plaintiff became disabled, she had the following severe physical and mental impairments:

1.  insulin dependent diabetes mellitus;

2,  bilateral carpal tunnel syndrome;

3.  diabetic neuropathy;

4.  fibromyalgia;

5.  degenerative disc disease with chronic low back pain;

6.  pelvic pain;

7.  obesity;

8.  depressive disorder;

9.  pain disorder;

10. personality disorder;

11. alcohol dependence;

12. history of drug and alcohol abuse.

(Tr. 18.)

At step three, the ALJ found that Plaintiff's impairments or combination of

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 7**

1  impairments did not meet or medically equal any of the listed impairments

2  described at 20 CFR Part 404, Subpart P, Appendix 1. (20 CFR 404.1520(d),

3  404.1525, 404.1526, 416.925 and 416.926). The ALJ found that the mental

4  impairment(s) did not satisfy the criteria of paragraph "C" of the applicable mental

5  disorder listing. (Tr. 21.)

6      At step four, the ALJ found that prior to January 15, 2009, Plaintiff had a

7  residual functional capacity to perform light work as defined in 20 CFR

8  404.1567(b) and 416.967(b), except who could only occasionally climb, balance,

9  stoop, kneel, crouch, and crawl; must avoid exposure to workplace hazards, such

10  as dangerous moving machinery and unprotected heights, could understand and

11  complete simple and one to three step instructions, could have only superficial

12  conduct with the general public, and could work only in small groups of co-

13  workers to avoid becoming distracted. (Tr. 22.)

14      Notably, the ALJ found that Plaintiff's statements concerning the intensity,

15  persistence and limiting effect of her symptoms were not credible prior to January

16  15, 2009, to the extent they are inconsistent with the residual functional capacity

17  assessment. (Tr. 23.) The ALJ also noted that Plaintiff's alleged pain and

18  symptomatology with respect to her hand limitations was not supported by the

19  medical evidence in the record. (Tr. 24.)

20      At step five, the ALJ found that beginning on January 15, 2009, Plaintiff

21  had the residual functional capacity to perform sustained work activity for less

22  than 8 hours a day and less than forty hours a week, even at the "sedentary"

23  physical exertional level as defined in 20 CFR 404.1567(a), in that Plaintiff could

24  not complete a normal workday or workweek without excessive absences or

25  interruptions due to pain and other symptomatology. (Tr. 25.). The ALJ found that

26  Plaintiff's drug and alcohol abuse disorder was not a contributing factor material

27  to the determination of disability. (Tr. 28.)

28

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 8**

## VI.    Issues for Review

Because the ALJ found Plaintiff to be disabled as of January 15, 2009, the focus of Plaintiff's appeal is the time between the alleged onset date of October 7, 2004 and January 14, 2009.

Plaintiff presents the following issues with respect to the ALJ's findings:

1.    Did the ALJ err in improperly rejecting the opinions of Plaintiff's treating medical providers and finding Plaintiff's disability onset date to be January 15, 2009?

2.    Did the ALJ err in inferring an onset date of disability without the assistance of a medical expert?

## VII.   Discussion

### 1.    Whether the ALJ improperly rejected the opinions of Dr. Chan

Plaintiff asserts the ALJ improperly rejected the opinions of Dr. Chan because he failed to set forth specific and legitimate reasons for rejecting Dr. Chan's opinion that Plaintiff's need for absenteeism related back to April, 2007. She also argues that he improperly rejected the opinions of Plaintiff's other treating medical providers, including McDullough, Naiden, and Vaagen, because he did not set forth specific and legitimate reasons for these medical providers' opinions. Plaintiff argues that once the opinions of her treating medical providers are given proper deference, the Court should find that Plaintiff is incapable of working on a regular and continuing basis prior to December 31, 2007, and that she was disabled prior to her date last insured. Plaintiff asks the Court to award benefits as of April 30, 2007.

The ALJ noted that Dr. Chan in October, 2008 opined that Plaintiff could perform the physical exertional requirements of light work. Dr. Chan continued regular treatment of Plaintiff. Then, following an examination of Plaintiff conducted on January 15, 2009, Dr. Chan opined that Plaintiff would miss, on the

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 9**

average, four or more days of work per month due to chronic pain, feeling of fatigue, depressed mood, and panic/anxiety. He opined that such limitations had existed since, at least, April, 2007.[4] However, in April 2009, Dr. Chan opined that Plaintiff could perform "sedentary" work, but that Plaintiff could not sit or stand at a posture for more than 20 minutes at a time. In August, 2009, he opined that Plaintiff would miss, on the average, four or more days of work per months due to chronic pain and numbness and tingling of both hands and feet. Again, he opined that such limitations existed since June, 2007. The ALJ gave great weight to Dr. Chan's opinion in determining that Plaintiff was disabled since January 15, 2009, (Tr. 24, 25), but discounted his opinion that she had work limitations from at least April, 2007. The ALJ rationalized that if Dr. Chan was of the opinion that Plaintiff could not have performed sustained work activity at that time, he would have noted such on his October, 2008 assessment document, rather than wait until after his January 15, 2009 examination of Plaintiff.  (Tr. 26.) The ALJ granted minimal weight to Plaintiff's medical providers because there were opinions in the record from acceptable medical sources regarding both of Plaintiff's physical and mental limitations, which were more consistent with the evidence in the record. (Tr. 25.)

The ALJ ultimately concluded that Plaintiff's condition worsened on January 15, 2009, and correspondingly, her residual functional capacity diminished on that date. (Tr. 26.)

Plaintiff argues that the ALJ erroneously concluded that the limitation to a light level of exertion in 2008 was inconsistent with a need to miss four or more days of work per month. The Court agrees. The ability to perform light level exertion does not preclude the need to miss four or more days of work per month.

---

[4]The vocational expert stated that such a high level of absenteeism would result in the inability to perform substantial gainful activity. (TR. 64-66.). The ALJ accepted the vocational expert's opinion.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 10**

1    The Court finds that the ALJ improperly rejected Dr. Chan's opinion that Plaintiff

2    would miss at least four or more work days in a month since April, 2007. The

3    ALJ's rationalization that her condition deteriorated, rather than existed since

4    2007, is not supported by the substantial evidence. Instead, the record indicates

5    that Plaintiff has suffered from diabetes, chronic neck and back pain, and joint

6    pain since at least April, 2007. Notably, in comparing the two lists of severe and

7    mental impairments that the ALJ concluded was present in October, 2004, and

8    January, 2009, the lists contain the same impairments except for the following

9    impairments:

10   <u>2004</u>                              <u>2009</u>

11   Bilateral lower limb numbness          Diabetic neuropathy
     Status post right wrist surgery        Fibromyalgia
12                                          Pelvic pain

13

14       In reviewing this comparison, the logical conclusion is that the presence of

15   diabetic neuropathy, fibromyalgia, and pelvic pain was the reason the ALJ

16   concluded that Plaintiff was disabled on January 15, 2009. However, the record

17   indicates that these diagnoses were present prior to January 15, 2009. (TR. 373,

18   394, 503.) Given the state of the record, a logical explanation is that Dr. Chan

19   concluded in 2009 that he needed to be specific and indicate the projected number

20   of absences and the extent of the limitations since April, 2007. This interpretation

21   of Dr. Chan's remarks is consistent with the record. On the other hand, the ALJ's

22   speculation as to why Dr. Chan did not address absenteeism in his 2008 report,

23   which was the basis for rejecting Dr. Chan's conclusions that Plaintiff's likelihood

24   of absenteeism was present since April, 2007 is not supported by the record.[5] As

25   _____

26   [5]The ALJ did not find Plaintiff credible with respect to her pain, relying on

27   notations from her treating physicians in 2005. Since 2007 on, there is nothing in

28   the record to suggest that her treatment providers believed that she was

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 11**

1   such, the Court finds that the ALJ impermissibly rejected Dr. Chan's conclusion

2   that Plaintiff would experience significant absences from April, 2007 to the

3   present.

4           2.      **Whether the ALJ erred in inferring an onset date**

5           Plaintiff argues that the ALJ erred in inferring an onset date without the

6   assistance of a medical expert. Here, the ALJ determined an onset date of January

7   15, 2009, which corresponds to an evaluation that was completed on that date by

8   Dr. Chan. According to Plaintiff, Dr. Chan had noted that the limitations existed

9   since prior to the date last insured, so it is unclear why the ALJ chose to infer that

10  the disability began on the date of the doctor's evaluation. Given that the Court

11  has accepted Dr. Chan's date that the limitations existed in April, 2007, the Court

12  need not address this argument.

13          3.      **Conclusion**

14          The Court finds that the ALJ erred in not crediting Dr. Chan's opinion that

15  Plaintiff was unable to work 8 hours a day, 40 days a week since April, 2007.

16  Thus, the ALJ's ultimate decision to deny Plaintiff's claim for benefits from April,

17  2007 to January 15, 2009 is not supported by substantial evidence in the record.

18  The Court finds that Plaintiff was disabled as of April 30, 2007. As such, there are

19  no outstanding issues to be resolved before determining that Plaintiff is entitled to

20  an award of benefits. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000).

21          Accordingly**, IT IS HEREBY ORDERED:**

22          1.    Plaintiff's Motion for Summary Judgment, ECF 20, is **GRANTED**.

23          2.    Defendant's Motion for Summary Judgment, ECF No. 29, is **DENIED**.

24  _____

25  malingering. Moreover, the ALJ did not base his finding that Plaintiff was not

26  disabled since April, 2007 on her credibility. Rather, it was based on his

27  speculation as to why Dr. Chan did not make the notation regarding her absentism

28  in 2008.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 12

3.   The decision of the Commissioner denying Plaintiff's claim for benefits beginning April 30, 2007 through January 15, 2009 is reversed and the case is remanded to award benefits consistent with this Order.

4.   The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel, and **close the file**.

**DATED** this 12th day of February, 2013.


*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge


Q:\RHW\aCIVIL\2011\Perales\sj.wpd

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 13